UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES BROWN, | ) Case No. 1:21-cv-1630 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| v. | ) |
| SGT. BUDDY SIVERT, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

*Pro se* Plaintiff Charles Brown filed this defamation action against the City of Lorain, the Lorain Police Department, and individual Lorain Police Department employees Sergeant Buddy Sivert, Officer Steyven G. Curry, Chief Cel Rivera, and Detective Augello. In the complaint, Plaintiff contends that Lorain police detained his two daughters and gave his other daughter permission to break into his house and steal electronic items. He also alleges that Lorain police arrested him based on cellphone recordings and "were tricked by a street wise drug addicted teenager into thinking her dad was trying to have sex with her." (ECF. No. 1, PageID #3.) The only legal claim identified in the complaint is defamation of character. He seeks $2,000,000.00 in damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if

it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Federal courts are courts of limited jurisdiction and, unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel.*

2

*Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that he is a citizen of one State and all of the defendants are citizens of others. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists his address as Elyria, Ohio. He does not list any other address for himself. Defendants are the City

3

of Lorain and Lorain police officers. The City of Lorain is also located in Ohio. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the plaintiff must state the citizenship of all parties to confirm the existence of complete diversity. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The complaint, as written, suggests that Plaintiff and Defendants are all citizens of Ohio. Therefore, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" the defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible State-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law, or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

4

Here, Plaintiff proceeds *pro se*, and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation . . . to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff fails to identify a federal question in this case. The only cause of action identified in the complaint is defamation. Defamation is a tort which arises, if at all, under State law. It does not provide a basis for federal question jurisdiction. Because Plaintiff failed to establish a basis for subject matter jurisdiction, this action must be dismissed.

Moreover, even if Plaintiff had identified a basis for federal court jurisdiction, it appears that the action would be barred by the doctrine of *res judicata*. Plaintiff attaches as exhibits to his complaint documents from a State court case he filed against these same Defendants. *See Brown v. Sivert*, No. 17CV193787 (Lorain Cnty. Ct. Comm. Pl. Apr. 16, 2021). Although the factual allegations in the case currently before this Court are very limited, the information in the attachments suggests that this action may be a refiling of the State court case which ended when the State court granted a motion to dismiss on April 16, 2021.

Plaintiff cannot file an action in federal court to relitigate matters that were already decided in State court proceedings. If the claims or issues were decided on the merits in State court, and the State court would not allow Plaintiff to file another lawsuit on the same matter, he cannot get around that procedural bar by bringing

5

the same action in federal court hoping to get a different result. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Town ship of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). The doctrine of *res judicata* would bar Plaintiff from bringing a lawsuit in federal court against the same Defendants based on the same facts that were addressed in the State court case. *State ex rel. Davis v. Public Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 2008-Ohio, 6254, 899 N.E.2d 975, ¶ 27(2008); *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 653 N.E.2d 226 (1995).

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith.

**SO ORDERED.**

Dated: December 8, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio